UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

ROLANDO DIAZ,

    Plaintiff,

v.

YCO, INC.,

    Defendant.

_____/

## COMPLAINT

Plaintiff, ROLANDO DIAZ by and through undersigned counsel sues the Defendant, YCO, INC., and as grounds therefore states the following:

1. This is an action for infringement of copyright pursuant to Title 17, United States Code.

2. Jurisdiction is founded upon 28 U.S.C. Section 1338.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

4. Rolando Diaz is *sui juris* and a professional photographer who resides in Miami, Florida and has resided there at all times material hereto.

5. The Defendant, YCO, INC., is a Florida corporation and agent for the owner of the vessel Octopussy, a 143' yacht which it advertised for sale and charter. Defendant published Plaintiff's images of the Octopussy on the world wide net and in brochures with the intent to reach and which did reach Miami-Dade County, Florida at all times material hereto, and Defendant committed an intentional tort, copyright infringement,

which caused harm to the Plaintiff in Miami, Florida.

6. In connection with the operation of his charter business, Defendant published and caused content to be published to Florida residents on a regular basis, and distributed information to be published by others to Florida audiences at all times material hereto.

7. In connection with the operation of his business as a professional photographer, Plaintiff created photographic images which photographs he licensed to others for their use.

8. Defendant, without permission or license from Plaintiff distributed and caused to be published as many as 25 of the subject images in brochures and websites, which remained on the websites after notice was furnished to Defendant by Plaintiff.

9. The photographs described herein were authored and copyrighted by Rolando Diaz within three months of first publication.

10. The photographs were registered with the United States Copyright office.

11. A copy of the registration certificate is attached hereto as Exhibit "A"

12.  Defendant, without permission and in knowing violation of copyright law used Plaintiffs' photographs to support his charter business.  Attached as Exhibit "B" are copies of the photograph(s) used by Defendant.

13. Prior to the institution of this action, Plaintiff complied in all respects with Title 17, United States Code and the laws governing copyright by registering the images in question with the Registrar of Copyrights and by complying with all statutory deposit requirements of Title 17 U.S.C. §407.

14. Prior to the institution of this action, Plaintiff notified Defendant of its

infringing uses.

## COUNT I
## COPYRIGHT INFRINGEMENT

Plaintiff readopts and re-alleges paragraphs 1 through 14 as if fully set forth herein and further states as follows:

15. Defendant, was not authorized to use, alter, distribute, or make available for use Plaintiff's photograph(s) and is thus liable as a direct infringer.

16. Defendant infringed upon the copyright by using and/or distributing the photographs identified above and causing them to be published and placed on the market without Plaintiffs' consent. **An example of Defendant's infringing use is attached hereto as Exhibit "B".**

17. Defendant illegally profited from his infringing activities.

18. Defendant. is directly liable for copyright infringement pursuant to copyright law.

**WHEREFORE**, Plaintiff demands: That Defendant be required to pay all statutory damages and such damages as Plaintiffs have sustained in consequence of Defendant's infringement of said copyright and to account and pay for all gains, profits and advantages derived by Defendant in its' infringement of Plaintiffs' copyright or such damages as the Court may deem proper within the provisions of the copyright statutes; that Defendant be required to pay all costs of this action and reasonable attorney's fees to be allowed to the Plaintiffs by this Court; that Plaintiff have such other and further relief as is just; and trial by jury.

## COUNT II
**INJUNCTIVE RELIEF**

Plaintiff, readopts and realleges paragraphs 1 through 14 as if fully set forth herein and further states as follows:

19. Defendant has, without permission and in knowing violation of copyright law, made continued use of Plaintiff's photographs.

23. Plaintiff has suffered an irreparable harm as a result of Defendant's unauthorized use of the photographs.

24. Defendant, must be prohibited from further use of Plaintiff's photographs in order to prevent continued infringement and further irreparable harm to the Plaintiff.

25. Plaintiff is a professional photographer whose livelihood completely depends on her ability to profit from the licensing of his photographs. Defendant, on the other hand, is a successful yacht owner with ample financial resources. Defendant undoubtedly has the ability to locate and compensate a photographer for use of his work. Considering the balance of hardships between Plaintiff and Defendant, a remedy of injunctive relief is warranted.

**WHEREFORE**, Plaintiff demands: that the court grants injunctive relief restraining Defendant and his agents, partners, servants, employees, successors and assigns, and all those in privity with them, from using Plaintiff's photographs, including but not limited to publication, distribution, display, collateral uses, and advertising, pursuant to 17 U.S.C. § 502. Further, plaintiff demands costs including attorney fees.

**DATED** this 28th day of June, 2016.

-5-

**JOHN B. OSTROW, P.A.**
*Counsel for Plaintiff*
777 Brickell Avenue, Suite 400
Miami, FL 33131
Tel: 305-358-1496
JOstrow@bellsouth.net
JBOassist@gmail.com


By:   s/ John B. Ostrow
        JOHN B. OSTROW
        Fla. Bar No. 124324